WRITTEN RECORD OF PLEA AGREEMENT
UNITED STATES MAGISTRATE JUDGE
FLAGSTAFF, ARIZONA

```
FILED       ____ LODGED
____ RECEIVED  ____ COPY

      APR 2 5 2025

CLERK U S DISTRICT COURT
  DISTRICT OF ARIZONA
BY                  DEPUTY
```

CASE NO.: 25-04155-MJ-01-PCT-CDB

UNITED STATES OF AMERICA v. **THANH NGO**

**CITATION NUMBER(S):** E2057747 (A106)

**VIOLATION(S) PLEADING GUILTY TO:**
**Citation E2057747 (A106):** Vandalism, in violation of 36 C.F.R. §§ 1.3 & 2.31(a)(3), a Class B Misdemeanor.

MAXIMUM FINE (36 C.F.R. § 1.3(a)): $5,000.00
MAXIMUM IMPRISONMENT (36 C.F.R. § 1.3(a)): Six months
MAXIMUM PROBATION (18 U.S.C. § 3561): Five years
MANDATORY SPECIAL ASSESSMENT (18 U.S.C. § 3013): $10.00

**RULE 11(c (1)(C), Fed. R. Crim. P., STIPULATED SENTENCE:**
The Court shall accept the plea, including a factual basis, but shall defer entry of judgment and sentencing until June 1, 2026 (the "deferral period") to allow the defendant to demonstrate good conduct. In addition to any other terms that the Court deems appropriate, plus all pretrial release conditions imposed by the Court (if applicable), during the deferral period the defendant shall abide by the following pretrial release conditions (with the specific language of those conditions to be in the discretion of the Court):
1. You shall be banned from the Glen Canyon National Recreation Area except for traveling through the area on any federal, state, or local highways or roads.
2. You shall remove the video of the offense from your publicly viewable social media
3. You agree to pay full restitution, in the amount of $350, to United States National Park Service, a victim directly or proximately harmed by the defendant's "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663, or 3663A. The defendant understands that such restitution will be included in the Court's Order of Judgment and that an unanticipated restitution amount will not serve as grounds to withdraw the defendant's guilty plea or to withdraw from this plea agreement.

If the defendant abides by these terms, as well as any release conditions (if applicable), the U.S. Attorney's Office will move to dismiss this case with prejudice on or before the date scheduled for sentencing and all further proceedings shall be terminated. However, if the defendant violates any of his release conditions or any of the foregoing conditions set forth in this paragraph, then the matter shall proceed to sentencing (after a hearing on any alleged violations) with any lawful sentence to be entered in the Court's discretion.

**DISPOSITION OF ADDITIONAL CHARGES:** If the plea and stipulated sentence are accepted by the Court, the United States Attorney's Office agrees that it will not file any additional charges pertaining to the facts set forth in the complaint and supporting affidavit filed in this matter.

**VICTIM(S) INFORMED OF AGREEMENT:** Not applicable.

**ELEMENTS OF OFFENSE(S):** On or about January 5, 2025, within the Glen Canyon National Recreation Area, in the District of Arizona:

> **Vandalism:** The defendant destroyed, injured, defaced, or damaged property or real property. 36 C.F.R. § 2.31(a)(3).

**FACTUAL BASIS:** I admit that the following facts are true and correct to the best of my knowledge and belief:

> I admit that on or about January 5, 2025, I was within the confines of the Glen Canyon National Recreation Area near Horseshoe Bend Overlook in the District of Arizona. While streaming my actions online, I used a stone to carve KICK.COM into a portion of sandstone. The damage to the sandstone is permanent and cannot be undone. I was later contacted by law enforcement and admitted that I had defaced the sandstone.
>
> I hereby plead guilty to the charges set forth above in this plea agreement.

The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

I have carefully reviewed every part of this statement with my attorney. I understand it, and I voluntarily agree and enter into it.

I, **Thanh Ngo**, understand that the above sentencing provision is binding upon the Court if the Court accepts my guilty plea under this plea agreement.

By pleading guilty, I will be giving up my rights to plead not guilty; to confront, cross-examine and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination – all with the assistance of counsel – and to be presumed innocent until proven guilty beyond a reasonable doubt. I understand that pleading guilty may have consequences with respect to immigration status to the extent that I am a recently naturalized United States citizen or not a citizen of the United States.

I waive my right to trial, agree to enter my plea before and to be sentenced by a U.S. Magistrate Judge, and waive any right to appeal or otherwise challenge my conviction. In particular, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment, the complaint, the information, or the citation; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including (but not limited to) any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance

of counsel (if applicable) or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

The nature of the charge(s) and the possible penalties has been explained to me, and I agree that there is a factual basis for each charge to which I am pleading guilty. I understand that the Court may later modify the terms and conditions of any probation or supervised release ordered as part of my sentence. I further understand that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines (to the extent applicable), the factors set forth in 18 U.S.C. § 3553, and any stipulations set forth in this plea agreement. I understand and agree that (to the extent applicable) any recommended Sentencing Guidelines Calculations are not binding on the Court.

My guilty plea is not the result of force, threats, or promises other than any promises contained in this written agreement.

//////////

**I am not currently under the influence of alcohol or any other intoxicants, and I am fully capable of understanding this agreement and enter it voluntarily.**

4

_____     04-25-25
Thanh Ngo                      Date
Defendant

_____     4/25/25
Sarah Erlinder, AFPD           Date
Attorney for the Defendant

_____     4/25/25
Parker Stanley                 Date
Assistant United States Attorney

_____     4/25/2025
Camille D. Bibles              Date
U.S. Magistrate Judge

✓ ACCEPTED      _____ REJECTED

5